UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KIAZA LOCCENITT

        Plaintiff,

v.

LABRAKE, et al.,

        Defendants.

DECISION AND ORDER

Case # 14-CV-6703-FPG

---

Before the Court is a motion to dismiss filed by the Defendants in this action. ECF No. 10.

## **BACKGROUND**

Plaintiff brings this action *pro se* under 42 U.S.C. § 1983. In short, he alleges that on August 27, 2014, various officials at Five Points Correctional Facility, located in Romulus, New York, used excessive force and thus violated his civil rights. ECF No. 1 at 1–5.

At issue in the pending motion is Plaintiff's answer to a question on the form complaint provided to prisoners filing § 1983 actions. The pertinent question on the form complaint asks as follows: "Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?" *Id.* at 8. Plaintiff checked the "Yes" box, and indicated that he had filed one other lawsuit in federal court, *Loccenitt v. Warden of GRVC, et al.*, 1:2012-cv-948 (Feb. 3, 2012).[1] *Id.*

Defendants assert that Plaintiff had, in actuality, filed at least six other lawsuits in state or

---

[1] The date in this citation refers to when the action was filed. Notably, Plaintiff styled this case in the form complaint as "*Kiaza Loccenitt v. N.Y.C. et. al.*, 12 Civ. 948 (LTS) (MHD)." ECF No. 1 at 8.

federal court relating to his imprisonment. ECF No. 17 at ¶ 3. Accordingly, Defendants now move to dismiss the Complaint as a sanction for Plaintiff "omitt[ing] material information from the Complaint pertaining to his litigation history, [thus] rendering the Complaint materially misleading." ECF No. 10-2 at 2. Though the Defendants do not cite Rule 11 of the Federal Rules of Civil Procedure in their papers, the only reasonable basis for their motion to dismiss is Rule 11. *See Dolberry v. Correction Officer Silvernail*, 620 F. App'x 34, 35 (2d Cir. 2015).

## DISCUSSION

Defendants' motion fails for two reasons. First, while Rule 11 does empower the Court to sanction a party for baseless or false representations, *see* Fed. R. Civ. P. 11(b), this power is subject to an important safe-harbor provision. In short, provision (c)(2) of Rule 11 requires a party moving for sanctions to first serve the motion on the opposing party before submitting it to the Court. *See* Fed. R. Civ. P. 11(c)(2). Then, *if* the opposing party does not correct the challenged assertion within twenty-one days of service, *then* the motion for sanctions can be submitted to the Court. *See id.* Accordingly, for Defendants to have properly brought this motion for sanctions, they needed to have served the motion on Plaintiff twenty-one days before filing it with the Court. Such service would have given Plaintiff an opportunity to correct the error on the form complaint regarding his litigation history.

There is no indication that the Defendants served the pending motion on Plaintiff twenty-one days before filing it with the Court. Indeed, per the certificate of service that Defendants filed along with their motion to dismiss (ECF No. 10 at 2), Defendants served Plaintiff with this motion on the exact same day, August 6, 2015, that they filed it with the Court. Accordingly, Defendants' motion is procedurally improper and must be denied. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002) (observing that a district court abuses its discretion by

imposing Rule 11 sanctions on a party when the movant has not complied with the 11(c)(2) safe harbor provision).

There is also a second independent reason why the motion must be denied. In short, the Second Circuit recently found that a question very similar to the one Plaintiff wrongfully answered is at least arguably ambiguous, especially to a *pro se* litigant. *See Dolberry*, 620 F. App'x at 36–37.

The facts in *Dolberry* are strikingly similar to the facts at hand. In *Dolberry*, a court in the Northern District of New York dismissed a complaint as a sanction after the prisoner-plaintiff misrepresented his litigation history on a form complaint. *Id.* at 35. On the form, the prisoner answered "No" when asked "Have you begun any other lawsuits in federal court which relate to your imprisonment?" *Id.* The prisoner had, in actuality, previously filed seven other lawsuits in federal court. *Id.*

On appeal, the Second Circuit found that the district court had abused its discretion in dismissing the complaint as a sanction. *Id.* at 37. It noted that the prisoner was confused by the question; he had apparently interpreted it as asking whether he had (a) previously filed other lawsuits "related to the reasons of his imprisonment" or (b) previously filed other lawsuits related to the "the imprisonment one is recently lock [*sic*] up for." *Id.* at 36. Under these two apparent interpretations, the prisoner had truthfully answered "No" to the question of whether he had "begun any other lawsuits in federal court." *Id.* at 35–36. In short, the Second Circuit observed that the wording of the question was "sufficiently ambiguous to a *pro se* litigant" to have understandably elicited a "No" answer. *Id.* at 36. Thus, it reversed the district court's dismissal of the complaint based on Rule 11. *Id.* at 37.

In the case at hand, Plaintiff similarly asserts that he misinterpreted a functionally equivalent question on the form complaint at issue. ECF No. 14 at 3–4. Plaintiff's main

argument is that he did not list lawsuits relating to his incarceration at Rikers Island and/or in New York City because he thought the question only asked for lawsuits relating to his incarceration at "N.Y.S. D.O.C.," *i.e.*, the New York State Department of Corrections and Community Supervision. *Id.* Defendants attempt to parse this argument and conclude that it is internally inconsistent, but in light of *Dolberry*, the Court finds that Plaintiff could indeed have reasonably misconstrued the question. Accordingly, Defendants' motion to dismiss is also denied for this separate reason.

## CONCLUSION

For the foregoing reasons, the motion to dismiss (ECF No. 10) is DENIED.

IT IS SO ORDERED.

DATED:     March 31, 2016
                Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

4