**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

KIAZA LOCCENITT,

              Plaintiff,

  v.

T. LABRAKE, et al.,

              Defendants.

**DECISION & ORDER**
14-CV-6703

### Preliminary Statement

Pro se plaintiff Kiaza Loccenitt ("plaintiff") brings the instant action under 42 U.S.C. § 1983, alleging that defendants T. LaBrake, D. Vankelburg, D. Sagriff, R. Maloy, J. Cook, Corrections Officers at Five Points Correctional Facility; P. Brinkeroff, Sergeant at Five Points; and T. Jones, a nurse at Five Points, violated his civil rights by subjecting him to excessive force and denying him medical services. See Complaint (Docket # 1). Pending before the Court is plaintiff's motion to appoint counsel, dated August 5, 2016. See Docket # 33.

### Discussion

In his motion, plaintiff argues that he needs Court-appointed counsel because he "is hearing impaired, vision impaired, and has difficulty ambulating." Plaintiff states that his mental and physical disabilities hinder him from

preparing his case. Plaintiff also states that the facility in which he is housed does not have devices to review documents related to his litigation. See Motion to Appoint Counsel (Docket # 33). Lastly, plaintiff states that he has been threatened by prison staff and has been denied adequate law library services and assistance. Id. For the reasons that follow, plaintiff's motion is **denied without prejudice to renew**.

Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal

issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, the Court finds that plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004)(finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003)(finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, the Court concludes that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Here, plaintiff's pro se complaint is straightforward as to the nature of the events from which he is seeking relief. The legal circumstances surrounding plaintiff's claims do not appear to be unusually

3

complicated, and the factual circumstances stem from one discrete event. Plaintiff has alleged that he was severely beaten by a number of Corrections Officers while in his cell at Five Points Correctional Facility. He states that, as a result, he suffered vision impairment, impaired ambulation, acute chronic back pain, bruising and swelling. See Complaint (Docket # 1). Defendants filed a motion to dismiss the case (Docket # 10), and Plaintiff's response was thorough, clear, and logical. See Docket # 14. District Court Judge Siragusa ultimately denied defendants' motion to dismiss, ruling in favor of the plaintiff. See Order (Docket # 21). Thereafter, based on a referral from Judge Siragusa (Docket # 23), this Court held a Scheduling Conference with all parties on May 11, 2016. Plaintiff appeared telephonically at the conference and alerted the Court that he is hearing impaired and needs special telephone accommodations. Plaintiff was, however, able to participate in the conference without problem and was articulate in contributing to the formation of a Scheduling Order. See Docket # 27.

Plaintiff's physical and mental disabilities have not appeared to deprive plaintiff of the ability to participate in this litigation. Plaintiff has submitted well-drafted and logical responses to two pending motions filed before District Court Judge Geraci, including a motion to preclude testimony at

4

trial (Docket # 37) and a motion for summary judgment (Docket # 39). See Docket ## 38, 41. Accordingly, at this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"); West v. Dizon, No. 2:12-cv-1293, 2014 WL 114659, at *4 (E.D.N.Y. Jan. 9, 2014) ("An incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence."); Jones v. Kupperinger, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."). Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005)(denying motion to appoint counsel despite plaintiff's claims that the

matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Should he need, plaintiff may consult with the Western District's pro se office attorneys for questions on discovery process and procedure. Plaintiff's motion to appoint counsel is **denied**.

## Conclusion

For the reasons stated above, plaintiff's motion for appointment of counsel (Docket # 33) is **denied**.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 6, 2017
       Rochester, New York