UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

KIAZA LOCCENITT,

                        Plaintiff,

                        14-CV-6703-FPG

    v.

                        DECISION AND ORDER

LABRAKE, et. al.,

                        Defendants.

───────────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Kiaza Loccenitt brought this 42 U.S.C. § 1983 action against Defendants Corrections Officers LaBrake, Vankelburg, Sagriff, Maloy, Cook, Ferguson, Sergeant Brinkerhoff, and Nurse Jones, alleging that they violated his Eighth Amendment rights. ECF No. 1. Defendants moved for summary judgment and to preclude Plaintiff from calling inmate Henry Benitez as a trial witness. ECF Nos. 37, 39. For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED and this case is dismissed without prejudice because Plaintiff did not exhaust his administrative remedies. Plaintiff is directed to re-file his complaint as a new action. Defendants' Motion to Preclude is DENIED AS MOOT.

## BACKGROUND

Plaintiff alleges that Defendants Corrections Officers LaBrake, Vankelburg, Maloy, Ferguson, Sagriff, and Cook assaulted him in his SHU cell. Plaintiff claims that he lost consciousness during the attack and was choked, kicked, punched, jumped on, slammed into the ground, and had his eyes gouged. Plaintiff also alleges that he was denied medical attention for his various injuries, including vision impairment, impaired ambulation, acute chronic back pain, bruises, and swelling.

At issue, for purposes of this motion, is what date the alleged incident occurred and whether Plaintiff followed the grievance procedure before commencing this action. Plaintiff's Complaint contains conflicting dates for the incident—July 27, 2014 and August 27, 2014. ECF No. 1 at 2, 3. Plaintiff claims that he filed a grievance with the Inmate Grievance Resolution Committee ("IGRC"), which was denied, and that he appealed that decision to the Central Office Review Committee ("CORC"). *Id*. at p. 6. Plaintiff provided the same conflicting dates in his deposition testimony. Defense counsel repeatedly asked Plaintiff to confirm that the incident occurred on August 27, but counsel never pointed out that Plaintiff's Complaint contained conflicting dates.

Defendants argue that regardless of which date the alleged incident occurred, Plaintiff failed to exhaust his administrative remedies—either by failing to file an initial grievance or by prematurely filing this action before CORC issued a final decision—and that the Complaint should be dismissed. In opposition, Plaintiff asserts that the incident occurred on July 27, and that any inconsistency regarding the date of the incident is a harmless error and should be excused. *See* ECF No. 41-1 at 1-2, 5; ECF No. 41-2 at 1-2, 5-6, 16.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See id*. at 255. The moving party "bears the initial responsibility of informing the district court of the

basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. When the moving party has met this initial responsibility, the non-moving party must come forward with "specific facts showing a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e)(2).

**DISCUSSION**

Defendants argue that, regardless of whether the incident occurred on July 27 or August 27, Plaintiff failed to exhaust his administrative remedies and therefore the Complaint must be dismissed. They claim that if the incident occurred on August 27, Plaintiff cannot show that he filed a grievance or appealed it. Alternatively, if the incident occurred on July 27 and Plaintiff filed a grievance and appealed it, Plaintiff commenced this action prematurely—*i.e.* before receiving a final determination from CORC—and therefore did not exhaust his administrative remedies.

As an initial matter, the Court finds it more plausible that the incident occurred on July 27, and that Plaintiff filed a grievance and appealed its denial to CORC. While there are inconsistent dates throughout Plaintiff's filings, Plaintiff asserts that the incident occurred on July 27 in his Complaint and that he filed a grievance that was denied and appealed to CORC. ECF No. 1 at 2, 6; ECF No. 41-1 at 18-19, 31. Indeed, Defendant LaBrake filed an inmate misbehavior report for an incident that occurred in Plaintiff's SHU cell on July 27 and this report corroborates certain allegations contained in Plaintiff's Complaint, including the time and date of the incident and that force was used against Plaintiff. ECF No. 41-1 at 27-30. While Defendants dispute that Plaintiff followed the grievance procedure, even their submissions show that Plaintiff filed a grievance for "assault in retaliation" on August 11, 2014 that he appealed to CORC, which issued a final determination on December 17, 2014. *See* ECF No. 39-1 at 2; ECF No. 39-3 at 2, 6.

Plaintiff testified that the incident occurred on August 27, but only after counsel for Defendants "repeatedly asked him to confirm whether the date of the incident was in fact August 27, 2014." ECF No. 39-5 at 1; ECF No. 39-4 at 7, 10, 13. Plaintiff also testified that his Complaint "stems from [Plaintiff], basically, making complaints, grievances of incidents on CO LaBrake" and that when he filled out his grievance he referred to LaBrake's misbehavior report, which is dated July 27. ECF No. 39-4 at 12. Plaintiff's grievance states that the incident occurred on August 27, however, IGRC stamped the grievance as received on August 11, 2014. ECF No. 41-1 at 18. Plaintiff recognized the inconsistent dates and asserts that the incident occurred July 27. *See* ECF No. 41-1.

A reading of Plaintiff's Complaint, the inmate misbehavior report, Plaintiff's grievance, and CORC's final determination all suggest that the incident likely occurred on July 27, that Plaintiff filed a grievance, and that he appealed the denial to CORC. The parties' submissions make clear, however, that Plaintiff filed his Complaint on December 11, 2014 before CORC issued its final determination on December 17, 2014. Accordingly, Plaintiff's Complaint must be dismissed without prejudice because he did not exhaust his administrative remedies.[1]

In New York, prison inmates must follow a three-tiered grievance procedure. An inmate must first file a grievance with the IGRC. *See* N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1), (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the CORC. *Id*. § 701.5(d). Here, Plaintiff filed a grievance and appealed it to CORC.

"The Prison Litigation Reform Act of 1995 ("PLRA") mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison

---

[1] The Court notes that even if the incident occurred on August 27, summary judgment would still be appropriate because Plaintiff did not grieve a use of force or retaliatory incident occurring in August. *See* ECF No. 39-3 at 6.

conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016) (quoting 42 U.S.C. § 1997e(a)). The Supreme Court has interpreted the PLRA to require exhaustion of administrative remedies in all circumstances as long as those remedies were actually available to the inmate. *Id*. at 1856-58. Thus, pursuant to the PLRA, the prisoner must exhaust his administrative remedies before he files a lawsuit, and it is insufficient if he completes the exhaustion process after he files the lawsuit. *See Neal v. Goord,* 267 F.3d 116, 121-22 (2d Cir. 2001), *abrogated in part on other grounds by Porter v. Nussle,* 534 U.S. 516 (2002). "Because failure to exhaust is an affirmative defense, defendants bear the burden of showing by a preponderance of the evidence that a plaintiff has failed to exhaust his available administrative remedies." *Casey v. Brockley*, No. 13-CV-01271 DNH/TWD, 2015 WL 8008728, at *4 (N.D.N.Y. Nov. 9, 2015), *report and recommendation adopted*, 2015 WL 7864161 (N.D.N.Y. Dec. 3, 2015).

Plaintiff instituted this action six days before CORC issued a final determination. It is well settled that "[r]eceiving a decision from CORC *after* filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted *before* filing suit, and any claim not exhausted prior to commencement of the suit must be dismissed without prejudice." *Neal*, 267 F.3d at 116; *Gizewski v. New York State Dep't of Corr. & Cmty. Supervision*, No. 14-CV-0124 GTS/DJS, 2016 WL 3661434, at *13 (N.D.N.Y. July 5, 2016), *aff'd*, 692 F. App'x 668 (2d Cir. 2017) (dismissing complaint filed eight months before CORC decision for failure to exhaust, even where delay in rendering decision was due to clerical error in transmitting appeal to CORC); *Burgos v. Craig*, 307 F. App'x 469, 470-71 (2d Cir. 2008) (noting that "completing the exhaustion requirements only after filing suit is insufficient"); *Casey*, 2015 WL 8008728, at *5 (same); *see also Fofana v. Moss*, No. 15-CV-0188, 2016 WL 1237796, at *3 (N.D.N.Y. Mar. 4, 2016) (holding

5

that claims in complaint received by the Clerk's office one day after CORC issued its decision were properly exhausted).

Plaintiff argues that his Complaint was properly filed after he exhausted his administrative remedies because CORC did not render a decision within 30 days in accordance with the regulations. ECF No. 41-2 at 6. However, a delay in CORC's rendering a decision on Plaintiff's appeal is not a defense to the exhaustion requirement. *Gizewski*, 2016 WL 3661434, at *13 (citing *Casey*, 2015 WL 8008728, at *6). Nor would a post-exhaustion amendment of Plaintiff's Complaint cure the exhaustion defect, which existed when the action was commenced. *Guillory v. Haywood*, No. 13-CV-01564 MAD, 2015 WL 268933, at *10 (N.D.N.Y. Jan. 21, 2015). Accordingly, Plaintiff's Complaint must be dismissed without prejudice because he did not exhaust his administrative remedies.

The Second Circuit "has recognized that failure to exhaust administrative remedies is usually a 'curable procedural flaw' that can be fixed by exhausting those remedies and then reinstituting suit." *Casey*, 2015 WL 8008728, at *6 (quoting *Neal*, 267 F.3d at 123). Indeed, Plaintiff's failure to exhaust "is merely a temporary procedural flaw." *Allah v. Annucci*, No. 16-CV-1841 KMK, 2017 WL 3972517, at *6 (S.D.N.Y. Sept. 7, 2017) (quoting *Wagnoon v. Johnson*, No. 02-CV-10282 RCC/GWG, 2004 WL 583764, at *2 (S.D.N.Y. Mar. 23, 2004) (dismissing plaintiff's case without prejudice so that he could reinstitute suit)). **Thus, Plaintiff is instructed to immediately re-file his complaint as a new action. He must also submit an *in forma pauperis* motion and prison authorization, or pay the filing and administrative fees ($400).** The Court notes that, while the statute of limitations for Section 1983 claims is three years, federal courts borrow and apply the state's tolling rules. *Bd. Of Regents of Univ. of State of New York v. Tomanio*, 446 U.S. 478, 487-491 (1980). Indeed, New York Civil Practice Law and Rules § 205(a)

"tolls the statute of limitations during the pendency of an action that has been terminated for what is usually a curable defect." *Allway v. McGinnis*, 362 F. Supp. 2d 390, 393 (W.D.N.Y. 2005) (citing Ce*cere v. County of Westchester*, 814 F. Supp. 378, 381 (S.D.N.Y. 1993)); *see also Gashi v. County of Westchester*, No. 02 Civ 6934, 205 WL 195517, *9 (S.D.N.Y. Jan 27, 2005) (finding that dismissal without prejudice for failure to exhaust administrative remedies pursuant to the PLRA "is a manner of termination not listed as excluded from the protection of § 205(a)")).

## CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment (ECF No. 39) is GRANTED and their Motion to Preclude (ECF No. 37) is DENIED AS MOOT. The Complaint is dismissed without prejudice, and the Clerk of Court is directed to close this case. Plaintiff is instructed to immediately re-file his complaint as a new action. He must also submit an *in forma pauperis* motion and prison authorization, or pay the filing and administrative fees ($400). These items should be mailed to The United States District Court WDNY, Clerk's Office, US Courthouse, 100 State Street, NY 14614.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and that leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: February 12, 2018
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court